UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHEDRICK DEVON DIGGS,

    Petitioner,

vs.                                 Case No. 2:08-cv-638-FtM-29SPC
                                          Case No. 2:06-cr-89-FtM-29SPC

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner Shedrick Devon Diggs' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Cv. Doc. #1)[1] and Memorandum (Cv. Doc. #2), both filed on August 13, 2008. The United States filed its Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Cv. Doc. #8) on October 22, 2008. Petitioner thereafter filed a Reply (Cv. Doc. #9) on November 10, 2008. For the reasons set forth below, the motion is dismissed in part and denied in part.

---

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this Opinion and Order. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the underlying criminal case as "Cr. Doc."

**I.**

On July 19, 2006, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #3) charging petitioner Shedrick Devon Diggs (Diggs or petitioner) with conspiracy to possess with intent to distribute cocaine. Petitioner entered a guilty plea pursuant to a Plea Agreement (Cr. Doc. #23), and on May 15, 2007, was sentenced as a career offender to 120 months imprisonment followed by 36 months of supervised release. (Cr. Doc. #44.) Judgment (Cr. Doc. #47) was filed on the same day.

Petitioner, through counsel, filed a Notice of Appeal (Cr. Doc. #48). On February 12, 2008, the Eleventh Circuit Court of Appeals granted the government's motion to dismiss the appeal pursuant to a valid appeal waiver provision contained in the Plea Agreement. (Cr. Doc. #65.)

Petitioner filed this timely § 2255 motion on August 13, 2008. Read liberally, petitioner's § 2255 Petition sets forth claims of an involuntary guilty plea, ineffective assistance of counsel with regard to the guilty plea, Plea Agreement, and sentencing, and an unlawful sentence. Recognizing that his Plea Agreement contains a waiver provision, petitioner also argues that the waiver provision is void for several reasons. The Court finds, for the reasons set forth below, that the waiver provision of the Plea Agreement is enforceable and that the other free-standing claims are refuted by the record.

**II.**

It is well established that sentence-appeal waivers are valid if made knowingly and voluntarily. Williams v. United States, 396 F.3d 1340, 1341 (11th Cir.)(citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993), cert. denied, 513 U.S. 1051 (1994)), cert. denied, 126 S. Ct. 246 (2005). To be enforceable, the government must demonstrate either that the district court specifically questioned the defendant concerning the sentence waiver provision during the guilty plea colloquy or that it is clear from the record that defendant otherwise understood the full significance of the waiver. Bushert, 997 F.2d at 1351. For the reasons set forth below, the Court finds that the waiver was valid and that matters falling within that waiver must be dismissed from this § 2255 proceeding. Petitioner's free-standing claims of error are denied as without merit.

**A.**

As noted above, the Eleventh Circuit dismissed petitioner's direct appeal based upon the waiver provision in the Plea Agreement. Thus, the Eleventh Circuit has already found that the government satisfied its burden with regard to the validity of the waiver provision. In most cases a § 2255 proceeding cannot be used to relitigate questions which were raised and disposed of on direct appeal. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000); Mills v. United States, 36 F.3d 1052, 1056 (11th Cir. 1994),

cert. denied, 514 U.S. 1112 (1995). As discussed below, petitioner has not demonstrated any reason why the determination made by the Eleventh Circuit should be reconsidered by the district court in this case.

**B.**

Petitioner's Plea Agreement contained the following provision relating to the sentence appeal waiver:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #23, pp. 9-10)(emphasis in original).

At the change of plea hearing, the magistrate judge placed petitioner under oath and advised him of his obligation to tell the truth (Cv. Doc. #8-2, pp. 2-3). The magistrate judge established that petitioner was 41 years old, had two college degrees, could read, write, and understand English, had no mental disabilities, and understood the proceedings. (<u>Id.</u> at 4-5.) Petitioner stated he was satisfied with his attorney, that he knew there was a Plea

Agreement, and that no one had threatened him or promised him anything in order to enter the plea. (Id. at 6.) Petitioner stated that he had read the Plea Agreement and went over it with his attorney (id. at 7), that the Plea Agreement contained all the promises made to petitioner, and there were no verbal promises or representations (id. at 8). Both counsel acknowledged that they were aware of no verbal promises or representations. (Id. at 8.) Petitioner was informed that it was unlikely his attorney could be specific as to the sentencing guidelines range that applied to petitioner (id. at 12-13), and petitioner would be unable to withdraw his guilty plea his attorney's prediction of petitioner's guidelines range was not correct (id. at 13). Additionally, the magistrate judge specifically called the waiver provision to petitioner's attention during the plea colloquy, stating that petitioner was "expressly waiving your right to appeal your sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guideline range pursuant to the sentencing guidelines, except . . ." for the three reasons stated in the Plea Agreement. (Id. at 14-15.) Petitioner stated he understood this provision (id. at 15), as well as all the statements made by the magistrate judge.

The Court finds that the record establishes that the waiver was clearly knowing and voluntary under Bushert, 997 F.2d at 1350, and its progeny. Contrary to petitioner's argument, the Court finds that the magistrate judge fully and properly explained the

waiver to petitioner during the guilty plea colloquy. Not only did the written waiver provision include collateral proceedings, the information provided by the magistrate judge specifically included that the waiver applied to collateral proceedings. Thus, the magistrate judge complied with Fed. R. Crim. P. 11(b)(1)(N). Additionally, petitioner is incorrect when he states that the waiver stated he could appeal or collaterally attack his sentence if the sentence exceeded his applicable guideline range. Rather, the waiver provision states that he could appeal the sentence if "the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines." (Cr. Doc. #23, pp. 9-10)(emphasis in original). The sentence in this case did not exceed the guideline range determined by the Court.

### C.

Petitioner also argues that the waiver provision is void because his entire guilty plea and Plea Agreement were not knowingly and intelligently entered. This is so, petitioner argues, because his attorney exaggerated the potential extent of the downward departure under U.S. Sentencing Guidelines Manual § 4A1.3(b) (2006) and did not understand the interplay between § 4A1.3(b) and <u>United States v. Booker</u>, 543 U.S. 220 (2005). While ineffective assistance of counsel can render a guilty plea unknowing and involuntary, the Court finds that was not the situation in this case.

"A guilty plea is more than a confession which admits that the accused did various acts. It is an admission that he committed the crime charged against him. By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime." United States v. Broce, 488 U.S. 563, 570 (1989)(internal quotations and citations omitted). For this reason, the United States Constitution requires that a guilty plea must be voluntary and defendant must make the related waivers knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences. United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill v. Lockhart, 474 U.S. 52, 56 (1985); Henderson v. Morgan, 426 U.S. 637, 645 n.13 (1976). To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea. United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005); United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). Rule 11 explicitly directs the district judge not to accept a plea without determining these core concerns. Therefore, on review, the Court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]." United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988). A defendant who fails to object to a Rule 11 error has the burden of satisfying the plain-error rule,

Moriarty, 429 F.3d at 1019, and a reviewing court may consult the whole record when considering the effect of any error on substantial rights. United States v. Vonn, 535 U.S. 55, 74-75 (2002). A petitioner "will rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255", and such relief is available "only in the most egregious cases." United States v. Dominguez Benitez, 542 U.S. 74, 83 n.9 (2004).

First, nothing occurring in connection with the sentencing hearing impacted the validity of the guilty plea. Petitioner was specifically informed by the magistrate judge at the guilty plea colloquy that his attorney did not know what petitioner's Sentencing Guidelines range would be, and that petitioner would not be allowed to withdraw his guilty plea if his attorney's best estimate proved incorrect. Petitioner understood that there were no promises with regard to the sentence or the sentencing range, and that the only certainty was that his maximum possible sentence could be the 20 year statutory maximum since the government agreed not to enhance the statutory maximum under 21 U.S.C. § 851. (Cv. Doc. #8-2, p. 10.)

Second, the fact that counsel argued for more than petitioner was entitled to receive does not establish counsel did not understand § 4A1.3 or Booker, or did not adequately investigate the law or facts. Defense counsel filed a pre-sentencing motion requesting a "considerable" downward departure under § 4A1.3(b) "in accord with what Judge Presnell did in U.S. v. Williams, 435 F.3d

1350 (11th Cir. 2006)." (Cr. Doc. #40, p. 2.)  The Court did indeed proceed as in Williams, although the resulting sentence was not quite as short.  (Cr. Doc. #60, p. 26.)  As Booker and numerous subsequent cases require, the Court in petitioner's case correctly calculated the Sentencing Guidelines range[2] (id. at p. 9, Total Offense Level 29, Criminal History Category VI, Sentencing Guidelines range 151 to 188 months); it then granted petitioner's motion for a downward departure under § 4A1.3, reducing petitioner's Criminal History Category from Category VI to Category V (id. at pp. 24-25).  The Sentencing Guidelines limited the number of categories which could be reduced to one category.  U.S. SENTENCING GUIDELINES MANUAL §4A1.3(b)(3)(2006).  This resulted in a Sentencing Guidelines range of 140 to 175 months imprisonment.  The Court then, utilizing its authority under Booker and recognizing that the Sentencing Guidelines range was only advisory, sentenced petitioner to 120 months imprisonment.  Petitioner received all he was entitled to under the interplay between Booker and § 4A1.3, a sentence in which the Court understood that the Sentencing Guidelines must be accurately calculated, but after accurate calculation, were advisory and not mandatory.  Neither petitioner's

---

[2]Even after Booker, a sentencing court must correctly calculate the sentence range under the Sentencing Guidelines. Gall v. United States, 128 S. Ct. 586, 596 (2007)("As we explained in Rita, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." citing Rita v. United States, 551 U.S. 338 (2007)).  The Court is then able impose a sentence below, within, or above the Sentencing Guidelines range, so long as it is reasonable.

trial counsel nor his appellate counsel provided ineffective assistance of counsel in failing to argue to the contrary.

Further, the Eleventh Circuit has held that "a valid sentence-appeal waiver, entered into voluntarily and knowingly, pursuant to a plea agreement, precludes the defendant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1342. Therefore, petitioner waived his right to raise the sentencing issues, and the § 2255 motion will be dismissed on the basis of the valid waiver.

In his Reply, petitioner asserts for the first time that his attorney promised that he would receive a sentence of no more than 36 months. This is contrary to petitioner's statements during the guilty plea colloquy, in which he stated there had been no oral promises. "[T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Since the record refutes petitioner's belated assertion, the claim is denied.

Accordingly, it is now

**ORDERED:**

1. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, and to Correct, Sentence By a Person in Federal Custody (Cv. Doc. #1) is **DISMISSED** as to the claims of an unlawful sentence and ineffective assistance of counsel in connection with the sentence, and is otherwise **DENIED** as to all other claims for the reasons set forth above.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of February, 2009.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Shedrick Devon Diggs